IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Colin D. Whitehouse,<br>    Plaintiff, | )<br>)<br>) |
| v. | )     1:10cv1021 (CMH/JFA) |
| | ) |
| Leonard Levin,<br>    Defendant. | )<br>) |

MEMORANDUM OPINION

Colin D. Whitehouse, a Virginia inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs following an outpatient procedure. Specifically, plaintiff alleges that defendant Doctor Levin refused to give plaintiff "any pain relieving medication whatsoever" until more than forty-eight hours after plaintiff returned to Haynesville Correctional Center ("HCC") following surgery.[1] On December 19, 2011, defendant filed a Motion for Summary Judgment along with a memorandum brief and supporting exhibits and affidavit. Defendant provided plaintiff with notice and opportunity to file responsive materials, as required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Although plaintiff has since filed a Request for Admissions and a Request for the Production of Documents, he has not filed a pleading that is directly responsive to defendant's Motion for Summary Judgment. For the reasons that follow, defendant's Motion for Summary Judgment will be granted.

---

[1] Initially, plaintiff alleged seven claims against Doctor Levin. By Order dated January 24, 2011, six of the seven claims asserted against Doctor Levin were dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. Accordingly, the only issue remaining before the Court is whether Doctor Levin was deliberately indifferent to plaintiff's serious medical needs when he allegedly failed to provide plaintiff with pain medication for the first forty-eight hours following surgery. See ECF No. 5.

1

## I.     Background

The following material facts are undisputed. Plaintiff is an inmate at HCC. On November 5, 2009, plaintiff underwent an out-patient condyloma excision (genital wart excision) at the Virginia Commonwealth University Hospital (VCU). Id. at ¶¶ 7, 11. Prior to discharge, a VCU nurse administered two Percocets to plaintiff for pain management. ECF No. 15-1 at ¶ 28. Additionally, a VCU physician wrote plaintiff a prescription for sixty tablets of Percocet and sixty tablets of Docusate. Levin Aff. at ¶ 16; see also ECF No. 15-1 at ¶ 25-26. Plaintiff returned to HCC at 8:30 p.m. on November 5, 2009, and was seen by the HCC nursing staff. Plaintiff did not request pain medication during this visit, nor did he indicate he was experiencing any discomfort. ECF No. 15-1 at ¶ 37. Plaintiff was provided with a medical pass to return to the infirmary the next day.

The next day, November 6, 2009, Doctor Levin, the physician at HCC, reviewed the notes of the VCU physician as well as the notes of the HCC nursing staff. Levin Aff. at ¶ 12. At 8:17 a.m. Doctor Levin ordered Docusate 100mg twice daily, and Tylenol 500mg, one to two every four hours if needed, and a sitz bath in the evenings and after bowl movements. Levin Aff. at ¶ 16; Ex. 1 at 2. Doctor Levin also ordered plaintiff be transferred to a medical bed in the segregation unit and ordered plaintiff be brought to the clinical area for sitz baths and assessing bleeding and pain. Id.

At 10:00 a.m. on November 6, 2009, plaintiff was seen by the HCC nursing staff. During the visit he indicated that he was experiencing some pain. Id. at 12-13. Plaintiff had another follow-up appointment with Doctor Levin on November 9, 2009, during which Doctor Levin noted that plaintiff had no pain, was experiencing loose stools, and was having a stinging sensation only after defecation. Id. at ¶ 14. Doctor Levin also indicated in his notes that

plaintiff's wound was normal and was not "ripping or tearing." Id. At no point in time did plaintiff inform Doctor Levin that he was experiencing pain or any other problem. Id. at ¶ 13.

## II. Standard of Review

In reviewing a motion for summary judgment, courts must view the facts in the light most favorable to the party opposing the motion. Porter v. U.S. Alumoweld Co., 125 F.3d 243, 245 (4th Cir. 1997). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A "genuine" dispute as to a material fact is present "if the evidence is such that a reasonable jury could . . . return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When a motion for summary judgment is made and supported by affidavits, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). Unsubstantiated, conclusory claims without evidentiary support are insufficient to satisfy a non-moving party's burden on summary judgment. Carter v. Ball, 33 F.3d 450, 461-62 (4th Cir. 1994); Goldberg v. B. Green & Co., 836 F.2d 845, 848 (4th Cir. 1988).

## III. Analysis

### A. Deliberate Indifference

To state a claim of inadequate medical care that rises to the level of a constitutional violation, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 105 (1976); see also Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). Thus, a plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must

3

allege a sufficiently serious medical need. Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of mere negligence or malpractice is not enough to state a constitutional violation; instead, plaintiff must allege and demonstrate "[d]eliberate indifference . . . by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); see also Estelle, 429 U.S. at 106. In other words, a plaintiff must allege facts demonstrating that defendant's actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier, 896 F.2d at 851 (citations omitted).

Here, the Motion for Summary Judgment must be granted because plaintiff fails to establish the requisite deliberate indifference on behalf of Doctor Levin. The record establishes that Doctor Levin was attentive to plaintiff's medical needs both before and after the surgery. Upon plaintiff's arrival at HCC, Doctor Levin "aggressively" advocated for plaintiff to receive the excision surgery. Levin Aff. at ¶ 7; ECF No. 23. Following the surgery, Doctor Levin prescribed Tylenol to relieve plaintiff's pain and Docusate to soften plaintiff's stool. Id. at ¶ 12. Furthermore, Doctor Levin transferred plaintiff to a medical bed, ensured plaintiff had access to private facilities to care for himself while using the bathroom and treating his surgical site, and requested that plaintiff return to the clinic for sitz baths and assessments of bleeding and pain. Id.

In regards to plaintiff's specific claim that he did not receive pain medication within the first forty-eight hours after the surgery, Doctor Levin attests that plaintiff never informed him that he was experiencing any pain or discomfort. Levin Aff. at ¶ 7. Furthermore, the record establishes that plaintiff was given pain medication just prior to leaving VCU, plaintiff did not request additional pain medication when he was seen by the nursing staff at HCC immediately

4

following his surgery, and Doctor Levin prescribed Tylenol[2] for plaintiff's pain within twelve hours of plaintiff returning to HCC. See ECF No. 15-1 at ¶¶ 28, 37; see also Levin Aff. at ¶ 13. On this record, the Court cannot find that Doctor Levin acted with deliberate indifference towards plaintiff's serious medical needs. Accordingly, defendant's Motion for Summary Judgment must be granted.

B. Qualified Immunity

Defendant also argues that he is entitled to qualified immunity. Given that the defendant has established his entitlement to judgment as a matter of law, it is unnecessary for the Court to address defendant's arguments on the question qualified immunity.

IV. Conclusion

For the foregoing reasons, defendant's Motion for Summary Judgment will be granted, and summary final judgment will be entered in his favor. An appropriate order and judgment shall issue.

Entered this __21st__ day of __February__ 2012.

Alexandria, Virginia

_____/s/_____
Claude M. Hilton
United States District Judge

---

[2] To the extent plaintiff is arguing that Doctor Levin was deliberately indifferent for prescribing Tylenol rather than Percocet, as recommended by the VCU physician, plaintiff's claim must also fail. Disagreements as to the course of an inmate's treatment are insufficient to state a claim of deliberate indifference. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).